# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHARON HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | No. 11 C 6878<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Sharon Hamilton has sued Target Corporation for damages arising from an incident at a Target store located in Chicago, Illinois. Hamilton alleges that while shopping at the store, she encountered a puddle of water causing her to slip, although she did not fall to the ground. Hamilton claims Target is liable for her injuries based on negligence. Target removed the lawsuit to federal court under 28 U.S.C. § 1441. This Court has jurisdiction under 28 U.S.C. § 1332. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and Target has filed a motion for summary judgment. For the reasons stated below, the motion is denied.

## I. APPLICABLE LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper only if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court views the evidence in the light most favorable to Hamilton, the nonmoving party, and draws all reasonable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). To avoid summary judgment, Hamilton, who bears the burden of proof, cannot rely on the pleadings alone, but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see Celotex*, 477 U .S. at 324 (Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (citation omitted).

**B. Negligence**

"In order to prevail in an action for negligence, the plaintiff must prove that the defendant owed a duty, that defendant breached that duty, and that defendant's breach was the proximate cause of injury to the plaintiff."[1] *Am. Nat'l Bank & Trust Co. of Chicago v. Nat'l Adver. Co.*, 594 N.E.2d 313, 318 (Ill. 1992). Under Illinois

---

[1] The parties agree that Illinois tort law applies here. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 670 (7th Cir. 2008) ("It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law.") (citing *Erie R.R. v. Tomkins*, 304 U.S. 64 (1938).

law, a business owner owes invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them. *Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct. 1991); *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001). But a business owner is not an insurer of the safety of its premises, and a plaintiff must adduce a triable negligence case to avoid summary judgment. *Tomczak v. Planetsphere, Inc.*, 735 N.E.2d 662, 668 (Ill. App. Ct. 2000).

"The general rule is that liability will be imposed where a business invitee is injured by slipping on a foreign substance on the premises if (1) the substance was placed there by the negligence of the proprietor or (2) his servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.* the proprietor had constructive notice of the substance." *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980); *accord Tomczak*, 735 N.E.2d at 667. "The store's duty is not merely to prevent careless spillage by its employees but also to be on the lookout for spillage by whomever caused and to clean it up promptly." *Peterson*, 241 F.3d at 604 (citing *Tomczak*, 735 N.E.2d at 667). While there is no duty of continuous inspection, the store's duty does require frequent and careful patrolling. *Id.* at 604–05. "In other words, Plaintiff must establish that [Target] had actual or constructive notice of the dangerous condition that caused her fall and alleged damages." *Byrd-Tolson*, 500 F. Supp. 2d at 970; *see Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) ("Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business

had actual or constructive notice of the dangerous condition that caused the fall.") (applying Illinois law).

## II. FACTS

On September 2, 2009, Hamilton visited a Target store located on Cottage Grove Avenue in Chicago, Illinois. (Pl.'s St. ¶ 1; Def.'s St. ¶ 6). While shopping alone at the store, Hamilton slipped in a puddle of clear liquid as she was turning into an aisle. (Pl.'s St. ¶¶ 1, 2; Def.'s St. ¶¶ 6, 7). She did not fall to the ground, but was able to maintain her balance. (Def.'s St. ¶ 8). After she slipped, Hamilton noticed a large puddle on the ground. (*Id.* ¶¶ 9, 11). At the time of the incident, Hamilton was not pushing a shopping cart or carrying any items. (*Id.* ¶ 15; Pl.'s St. ¶ 3). She was walking at a normal pace, looking straight ahead. (Pl.'s St. ¶¶ 5, 7, 8; Def.'s St. ¶ 15). After the incident, it was apparent to Plaintiff that the puddle had caused her to slip and that she would have seen the puddle had she been looking down. (Pl.'s St. ¶ 12; Def.'s St. ¶ 17). After the incident, a Target employee, who had been working nearby, used a mop to clean up the area. (Pl.'s St. ¶ 15; Def.'s St. Ex. C at 23, 32, 33).

## III. DISCUSSION

Target contends that it owed no duty to Hamilton because the puddle on the floor was "open and obvious."[2] (Mot. 2–5). Hamilton testified that she was turning from the main aisle into a side aisle when she slipped. (Def.'s St. ¶ 12 & Ex. C at

---

[2] In its motion for summary judgment, Target does not raise issues of breach, causation, or damages.

22–23; Pl.'s St. ¶ 2). At the time, she was not pushing a cart and was looking straight ahead. (Def.'s St. ¶¶ 14, 15; Pl.'s St. ¶¶ 3, 7). After she slipped, it was apparent to Plaintiff that she would have seen the puddle had she been looking down. (Pl.'s St. ¶ 12; Def.'s St. ¶ 17). Thus, Target argues that it was Hamilton's fault that she did not see the puddle before she slipped, and Target has no liability. (Reply 4).

Under Illinois law, "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Buchaklian v. Lake County Family YMCA*, 732 N.E.2d 596, 600 (Ill. App. Ct. 2000) (citing *Bucheleres v. Chicago Park District*, 665 N.E.2d 826 (Ill. 1996)); *see Ward v. K Mart Corp.*, 554 N.E.2d 223, 230 (Ill. 1990) ("Certainly a condition may be so blatantly obvious and in such position on the defendant's premises that he could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition."). "For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it." *Buchaklian*, 732 N.E.2d at 600 (citing *Deibert v. Bauer Bros. Constr. Co.*, 566 N.E.2d 239 (Ill.1990) and Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)). "[T]he issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Id.* at 602 (citation omitted).

Here, the Court cannot find as a matter of law that the puddle was open and obvious. Contrary to Target's assertion (Def.'s St. ¶ 16; Reply 4), Hamilton did not testify that that the puddle was "obvious." Instead, she stated that after she slipped, it

was "obvious" to her that the puddle had caused her to lose her footing. (Def.'s St. Ex. C at 29). Moreover, Plaintiff's admission that she would have seen the puddle had she been looking down does not absolve Target of liability. *See Buchaklian*, 732 N.E.2d at 602 ("It is this court's opinion that summary judgment is not proper when reasonable minds could differ as to whether a condition was open and obvious and that such a determination involves a finding of fact even when a plaintiff admits that he or she could have seen the condition if he or she had looked."). Indeed, the "obviousness" of a condition or "[w]hether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." *Ward,* 554 N.E.2d at 234.

Target counters that whether the puddle was open and obvious is a matter of law. (Reply 3–4). Normally, "[w]here there is no dispute about the physical nature of the condition, whether a danger is open and obvious is a question of law." *Choate v. Ind. Harbor Belt R.R.*, 980 N.E.2d 58, 67 (Ill. 2012). "However, where there is a dispute about the condition's physical nature, such as visibility, the question of whether a condition is open and obvious is factual." *Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 520 (Ill. App. Ct. 2010). Target argues that because "[t]he parties agree that the puddle in which Plaintiff slipped was four feet long and made up of clear liquid" and because "[t]here is no dispute about the lighting conditions in the area or any other factor which could impact the ability of passerby to see the puddle," there is no dispute about the physical nature of the condition at issue. (Reply 3).

But the puddle's *visibility* is clearly in dispute. While Hamilton admits that *after* she slipped, the puddle was apparent, other evidence suggests that the puddle was not readily visible *prior* to Hamilton's slip. The liquid was clear, and even a Target employee working nearby had not noticed the puddle prior to Hamilton slipping on it. (Def.'s St. Ex. C at 23, 26, 32, 33).

The cases cited by Target do not mandate a different result. The cases that have found no dispute about the physical nature of a condition are not even remotely similar to Hamilton's incident. *See, e.g., Choate*, 980 N.E.2d at 267–68 (no dispute about danger of a child climbing onto a moving freight train); *Belluomini v. Stratford Green Condo. Ass'n*, 805 N.E.2d 701, 707 (Ill. App. Ct. 2004) (no dispute that plaintiff saw bicycle before she tripped over it); *Bucheleres*, 665 N.E.2d at 835–36 (no dispute about danger of diving from concrete seawalls into Lake Michigan); *Deibert*, 566 N.E.2d at 243 (no dispute that tire rut outside of portable bathroom was an obvious condition); *Sollami v. Eaton*, 772 N.E.2d 215, 222–23 (Ill. 2002) (no dispute about physical danger of "rocket jumping" onto a trampoline); *Dunn v. Baltimore & Ohio R.R.*, 537 N.E.2d 738, 741 (Ill. 1989) (no dispute that a train stopped at a crossing is an obvious danger to anyone attempting to cross). On the other hand, where plaintiffs have failed to notice a condition prior to slipping or tripping, courts have consistently found the open and obvious issue to be a question of fact. *See, e.g., Ward v. KFC Corp.*, No. 07 C 5562, 2009 WL 497902, at *2 n.1 (N.D. Ill. Feb. 25, 2009) (where plaintiff claimed he did not see puddle of water before slipping, whether puddle was an open and obvious hazard was a disputed question of

fact); *Buchaklian*, 732 N.E.2d at 601–02 ("We determine in this case that, where plaintiff was an invitee and had to walk over a mat in order to utilize the YMCA pool facilities, and where plaintiff may not have seen a defect in the mat before she tripped, genuine issues of material fact exist as to whether the defect in the mat was an open and obvious danger that plaintiff should have seen."); *Szerszen v. Summit Chase Condos.*, No. 09AP-1183, 2010 WL 3722637, at *4–5 (Ohio App. Ct. Sept. 23, 2010) (although plaintiff admitted he could have seen water puddle had he looked hard enough, court found a genuine issue whether puddle was open and obvious because water was clear and not discoverable by "ordinary inspection"); *Green v. U.S.*, 105 F. App'x 515, 516–17 (4th Cir. 2004) (finding material issue of fact where plaintiff did not notice large puddle prior to slipping on it); *Osontoski v. Wal-Mart Stores, Inc.*, 143 F.3d 1027, 1029 (6th Cir. 1998) (whether water puddle was open and obvious was a question of fact); *see also Simmons v. Am. Drug Stores, Inc.*, 768 N.E.2d 46, 52 (Ill. App. Ct. 2002) (where plaintiff raised a genuine issue of material fact as to whether the "cartnapper" barriers presented an open and obvious danger, summary judgment was improper).[3]

---

[3] Target argues that in *Phillips v. Supervalue Holdings, Inc.*, No. 98-1065, 1999 WL 38087 (7th Cir. Jan. 11, 1999), "the Seventh Circuit upheld defendant's motion for summary judgment based on the open and obvious doctrine." (Mot. 4–5). In *Phillips*, the plaintiff was injured when she slipped on a defective mat and fell at a food store owned by defendant. 1999 WL 38087, at *1. Because *Phillips* involved a supermarket slip-and-fall action, Target contends that it mandates a similar result here. (Mot. 4–5). But in *Phillips*, an unpublished decision, the parties agreed that the mat was "open and obvious." 1999 WL 38087, at *2. Instead, the parties disputed whether the Illinois "distraction exception" applies. *Id.* ("The focus of litigation in this case was the applicability of the 'distraction exception' to the 'open and obvious' rule for owners and occupiers of land . . . ."). Here, on the contrary, the issue is whether the puddle was open and obvious, and the distraction exception does not apply. *See infra* note 4.

In sum, Hamilton has demonstrated a genuine dispute as to whether the puddle of water was an open and obvious condition.[4] Thus, Target is not entitled to summary judgment.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [54] is DENIED.

E N T E R:

Dated: November 15, 2013

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge

---

[4] Hamilton contends that even if the puddle was open and obvious, the distraction exception applies. "Under the distraction exception, a possessor of land can be held liable for injuries caused by an open and obvious hazard if the possessor should have anticipated the harm despite the condition's obviousness." *Savage v. Ritchie Bros. Auctioneers (Am.), Inc.*, 10 CV 446, 2012 WL 1520710, at *3 (N.D. Ill. Apr. 30, 2012) (citing *Ward*, 554 N.E.2d at 231). Harm can be anticipated when there is "reason to expect that the invitee's attention will be distracted, as by goods on display, or that after a lapse of time he may forget the existence of the condition, even though he has discovered it or been warned." *Bucheleres*, 665 N.E.2d 826 at 834 (citation omitted). But the exception applies only where the plaintiff has shown actual distraction. *See Sollami*, 772 N.E.2d at 223–24. And here, Hamilton testified that she was *not* distracted prior to her slip. (Def.'s St. ¶ 19).